## Burke, Admr. v. Neas

*Louis Goldhirsch*, for plaintiff.

*Howard R. Detweiler*, for defendant.

HAGAN, P. J., May 4, 1966.—This matter was before us upon a motion of defendant, Raymond L. Neas (hereinafter referred to as "defendant"), for a protective order. After the submission of briefs and argument, we dismissed defendant's motion. We shall herein set forth our reasons for having done so.

This is a wrongful death action, in which the complaint averred that the death of decedent was caused by the negligent conduct of defendant. Plaintiff served notice upon defendant that plaintiff would take de-

fendant's deposition at a specified time and place. Defendant filed a motion for a protective order, alleging that plaintiff, or his representative, had taken a statement of defendant and requesting that an order be entered prohibiting the taking of defendant's deposition until plaintiff had first supplied defendant's attorney with a copy of that statement. It was this motion that we dismissed.

Defendant, in his argument and brief, relied entirely upon the decision in Davis v. Zazow, 23 D. & C. 2d 143. There, plaintiff refused to answer questions on the issue of liability propounded to him at depositions taken by defendant until plaintiff was given a copy of a statement which plaintiff had previously given to defendant's representative. Defendant filed a motion to compel answers, and the court dismissed the motion, holding that plaintiff need not answer questions on the issue of liability until defendant first supplied plaintiff with a copy of the statement. Defendant's argument in the instant case is substantially that "what is sauce for the goose is sauce for the gander", and that if a plaintiff need not answer questions at a deposition until he is supplied with a copy of the statement he had given to defendant, then a defendant likewise need not answer questions at a deposition until he is supplied with a copy of the statement he had given to plaintiff.

Initially, it should be noted that we are in complete agreement with defendant's contention that the same rule should be applied to a defendant whose deposition is being taken as to a plaintiff, and, therefore, in arriving at our decision in this case, it was an entirely irrelevant factor that the moving party was defendant rather than plaintiff. In relying solely upon the Davis case, supra, however, defendant overlooked several other decisions bearing upon the same issue. In explaining the reason for our decision, it is necessary to review all of the applicable cases.

In the Davis case, supra, the court, in holding that plaintiff need not submit to discovery until he was supplied with a copy of his prior statement, gave two reasons in support of its holding. The first reason was that under Pennsylvania Rule of Civil Procedure 4007(a), discovery is permitted only where it will "substantially aid" in the preparation of pleadings or for the trial of a case. The court stated that since defendant already had plaintiff's statement, it did not need a deposition on the same subject matter and that, therefore, obtaining such a deposition would not "substantially aid" defendant in preparation for the trial of the case. The second reason was that where defendant has a prior statement of plaintiff and seeks discovery without giving plaintiff a copy, ". . . it is apparent that the discovery is not sought in good faith. . . ." (page 146) and accordingly, the court concluded that such discovery was not proper under the limitations of Pa. R. C. P. 4011(a).

In Perkins v. Pittsburgh Railways Co., 6 D. & C. 2d 655, the court arrived at a similar conclusion to that reached in the Davis case, supra, upon a similar factual and procedural situation. The court in the Perkins case gave in support of its holding one of the reasons given in the Davis case, namely, that since defendant already had plaintiff's statement, defendant was acting in bad faith in refusing to supply plaintiff with a copy of the statement before requiring plaintiff to submit to discovery.

There are, however, three decisions holding contrary to the Davis and Perkins cases. In Fahey v. Philadelphia Transportation Co., 15 D. & C. 2d 555, plaintiff refused to answer interrogatories until supplied with a copy of a prior statement plaintiff had given to defendant, and plaintiff filed a motion to compel production of the statement before being required to answer defendant's interrogatories. Judge Alessandroni, in

deciding the Fahey case, indicated that in his view, it would be better procedure to require a party who has taken the statement of another to supply that party with a copy of the statement before obtaining discovery from him. He concluded, however, that he felt bound by the plain language of Pa. R. C. P. 4011(d), which protects from discovery statements obtained "in anticipation of litigation". Accordingly, he dismissed plaintiff's motion to compel defendant to produce plaintiff's statement.

In the Davis case, supra, the court distinguished that case from the Fahey case on the ground that in the Fahey case, the issue was before the court on plaintiff's motion *to compel* the production of a statement, whereas in the Davis case, the issue was before the court on plaintiff's motion that he not be required to give discovery until supplied with a copy of plaintiff's prior statement. While the case which was before us was procedurally like the Davis case, rather than the Fahey case, in that we had before us a motion that a litigant not be required to be deposed until supplied with a copy of a statement, we did not place any reliance upon this distinction. In our opinion, the issue is precisely the same, however raised.

In Benezet v. Westinghouse Electric Supply Co., 29 D. & C. 2d 71, the court also refused to compel production of a statement before requiring submission to discovery proceedings.

Again, in Gates v. Nationwide Mutual Insurance Co., 32 D. & C. 2d 297, there was before the court the question of whether a party can obtain discovery from the opposing party without first supplying a copy of a prior statement. The court there expressly disagreed with the holding in the Davis and Perkins cases. The court stated that since the rules do not require a party to furnish the opposing party with prior statements, but, to the contrary, protect them against discovery, it

cannot be bad faith to refuse to do that which the rules do not require one to do. The court further stated in the Gates case that it is specious to say that a party does not need discovery because he already has a statement of the opposing party. The court pointed out that statements rarely cover every possible point which an attorney would want to cover in preparation for trial, and that, accordingly, a deposition might well "substantially aid" in preparation for trial, despite the existence of a prior statement.

The question which was before us in the instant case, therefore, was not whether we should apply a different rule to a defendant than to a plaintiff, but rather, was which one of two different lines of cases we should follow. In our view, the line of cases holding that a party who has obtained a statement need not furnish a copy before proceeding with discovery is, under the present language of the Rules of Civil Procedure, the better reasoned line. Accordingly, we chose to follow this line of cases, and particularly the reasoning set forth in the Gates case, supra.

We further agree, however, with the view expressed by Judge Alessandroni in Fahey v. Philadelphia Transportation Co., 15 D. & C. 2d 555, that a fairer and better procedure would be to require a party who has obtained a statement of an adverse party to supply the adverse party with a copy thereof. This could be effected by a rule of court analogous to Philadelphia Common Pleas Court Rule 4010★(a), requiring the exchange of medical information. Unless or until such a rule change should be effected, however, we feel constrained to follow what we conceive to be the clear language of the presently applicable Rules of Civil Procedure.

It was for the foregoing reasons that we dismissed plaintiff's motion for a protective order.